NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS WADE AMARAL, <br><br>         Petitioner-Appellant, <br><br>   v. <br><br> CHARLES L. RYAN; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, <br><br>         Respondents-Appellees. | No. 19-15003 <br><br> D.C. No. 2:16-cv-00594-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted December 7, 2021
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Travis Amaral appeals the district court's denial of his petition for habeas corpus, arguing that his combined sentence of life with eligibility for parole after 57.5 years for crimes he committed as a juvenile constitutes cruel and unusual punishment prohibited by the Eighth Amendment. U.S. Const. amend. VIII. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A), and we affirm.

"We review de novo the district court's denial of [Amaral's] habeas corpus petition." *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Our review of the state court decision is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d). Relief cannot be granted unless the petitioner demonstrates that the last reasoned state court decision—here, the decision of the Arizona Court of Appeals—was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003) (quoting 28 U.S.C. § 2254(d)). At the time that the Arizona Court of Appeals issued its decision, clearly established federal law provided "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012).

1.      The Arizona Court of Appeals did not contradict or unreasonably apply clearly established federal law by refusing to extend *Miller* to sentences that Amaral argues are the functional equivalent of life without the possibility of parole (LWOP). At most, Amaral was serving a sentence that was functionally equivalent to LWOP, given that he would be eligible for parole after serving 57.5 years. But we have already held that it is *not* clearly established that the Eighth Amendment

2

bars sentences that are functionally equivalent to LWOP for juvenile offenders. *See Demirdjian v. Gipson*, 832 F.3d 1060, 1076–77 (9th Cir. 2016).

2. The Arizona Court of Appeals also did not contradict or unreasonably apply clearly established federal law by finding that Amaral's sentence was not the functional equivalent of LWOP. As the district court stated, "The parties have not cited, and the Court has not located, a case that draws a line which says that a number of years in prison, or an age at the time of parole eligibility, converts a sentence of a particular length to a 'functional equivalent' life sentence." Nor have we found a case so holding, so we cannot conclude that the state court violated AEDPA's deferential standards.

3. Finally, the Arizona Court of Appeals did not contradict or unreasonably apply clearly established federal law in concluding that *Miller* applies to only *mandatory* LWOP sentencing schemes. It was not mandatory that Amaral's sentences run consecutively, because the sentencing judge was permitted to and did consider Amaral's age and its attendant characteristics and circumstances in determining whether the sentences should run consecutively or concurrently. *See Miller*, 567 U.S. at 476. At multiple points, the *Miller* Court limited its holding to LWOP sentencing schemes that are mandatory. *See id.* at 479 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.");

*see also id.* at 489 ("By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate . . . the Eighth Amendment's ban on cruel and unusual punishment."). Because *Miller* has not been extended to non-mandatory LWOP sentencing schemes, the Arizona Court of Appeals did not contradict or unreasonably apply federal law by declining to extend *Miller*'s protections to Amaral's sentence.

**AFFIRMED.**